UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| MICHAEL W. HOLLOWAY, )<br>      *Plaintiff* )<br>)<br>v. )<br>)<br>FIRST PEACHTREE FINANCE, )<br>DT CREDIT COMPANY, )<br>EQUIFAX INFORMATION SERVICES, )<br>TRANSUNION, LLC. )<br>      *Defendants.* ) | CASE NO. 3:08-cv-00705-MHT-SRW |

### **DEFENDANT TRANS UNION LLC'S MOTION FOR PARTIAL DISMISSAL**

Trans Union LLC ("Trans Union"), one of the Defendants herein, files this, its Motion for Partial Dismissal, and pursuant to Federal Rule of Civil Procedure 12(b)(6) would show the Court as follows:

### **I. Background**

Plaintiff alleges Defendants violated the Fair Credit Reporting Act 15 U.S.C. § 1681 et seq., the Federal Debt Collections Practices Act 15 U.S.C. § 1692 et seq, Alabama state law, and the Alabama Deceptive Trade Practices Act, Ala. Code 1975 § 8-19-1, *et seq*. Plaintiff brings claims against Trans Union, a consumer reporting agency, under the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681, *et seq.* Plaintiff seeks equitable relief, specifically requesting this court "…Enter injunctive and corresponding declaratory relief establishing the foregoing conduct to be unlawful, enjoining Defendants from continuing to engage in such conduct, and granting such additional equitable relief…" (Plaintiff's Complaint, Prayer for Relief section, subpart a.)

1

## II. Argument

This Court must dismiss Plaintiff's request for equitable, declaratory or injunctive relief as a private plaintiff cannot seek equitable, declaratory or injunctive relief under the FCRA.  See, *Jones v. Sonic Automotive, Inc., et al.,* 391 F. Supp 2d 1064, 1065 (M.D. Ala. 2005) (Plaintiff's claim for declaratory judgment dismissed as the court held that equitable relief is not available to private individuals under the FCRA); *Albert v. Trans Union Corp.*, 346 F.3d 734 (7th Cir. 2004); *Washington v. CSC Credit Servs., Inc.,* 199 F.3d 263, 268 (5th Cir. 2000); *Bumgardner v. Lite Cellular, Inc.*, 996 F. Supp. 525, 527 (E.D. Va. 1998) ("Congress's failure to include injunctive relief as a potential remedy, combined with Congress's express delegation of enforcement of the FCRA to the FTC, clearly indicates that Congress did not intend injunctive relief as a remedy"); *Mangio v. Equifax, Inc.*, 887 F. Supp. 283, 284-85 (S.D. Fla. 1995) (holding that private plaintiffs cannot seek injunctive relief under the FCRA because such relief would circumvent the Federal Trade Commission's ("FTC") discretion to enforce the FCRA).

Sections 1681n and 1681o of the FCRA prescribe the potential civil liability for noncompliance with the FCRA.  Neither section makes any mention of injunctive relief.  Section 1681s(a) of the FCRA, however, does grant the power to obtain injunctive relief, but only to the FTC.  See 15 U.S.C. § 1681s(a) ("Compliance with the requirements imposed under this title shall be enforced under the Federal Trade Commission Act . . . . by the Federal Trade Commission").  The omission of an equitable remedy under Sections 1681n and 1681o is significant because Congress expressly created an equitable remedy under Section 1681s(a).  If Congress had intended to give private plaintiffs the right to seek injunctive relief for noncompliance with the FCRA, it would

have expressly created an equitable remedy under Sections 1681n and 1681o. *Washington*, 199 F.3d at 269; *Mangio*, 887 F. Supp. at 285.

Judge Davis of the Eastern District of Texas recently held that not only is injunctive relief not available under the FCRA, but it is not available at common law either because the FCRA preempts state law to the extent those laws are inconsistent with the FCRA. *Poulson v. Trans Union, LLC*, 370 F.Supp. 2d 592, 593 (E.D. Tex. 2005).

WHEREFORE, PREMISES CONSIDERED, Defendant Trans Union LLC, respectfully requests this Court follow the lead of the other courts who have considered this issue and find that the FCRA does not afford the Plaintiff a right to declaratory or injunctive relief under the FCRA and dismiss Plaintiff's request for the same.

Respectfully submitted,

/s/ *Timothy M. Davis*
**KARY BRYANT WOLFE** (WOL016)
**TIMOTHY M. DAVIS** (DAV162)
WALSTON WELLS & BIRCHALL, LLP
P.O. Box 830642
Birmingham, Alabama 35283-0642
(205) 244-5281
(205) 244-5481 (Fax)

**ATTORNEYS FOR TRANS UNION LLC**

2588567.2/SP/83057/0100/091708

## **CERTIFICATE OF SERVICE**

This is to certify that on the 18th of September, 2008, a true and correct copy of the above and foregoing document has been electronically filed with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following counsel:

K. Anderson Nelms (NEL022)
andynelms@andersonnelms.com
Anderson Nelms & Associates, LLC
2005 Cobbs Ford Rd., Suite 301A
Prattville, AL  36066
(334) 351-1770
(334) 351-1774 Fax
*Counsel for Plaintiff*

and I hereby certify I have mailed by United States Postal Service the document to the following non-CM/ECF participants:  none at this time.

First Peachtree Finance
5784 Lake Forrest Drive
NW, Suite 200
Atlanta, GA 30328

DT Credit Company
2143 West Camelback Rd
Phoenix, AZ 85015

Equifax Credit Information Services, Inc.
CSC Lawyers Incorporating Services, Inc.
150 South Perry Street
Montgomery, AL 36104

/s/ *Timothy M. Davis*
**OF COUNSEL**